IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER A. TOM,

        Plaintiff,

v.                                                                        CV 08-165 CEG

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

        Defendant.

MEMORANDUM OPINION AND ORDER

        Roger A. Tom ("Mr. Tom" or "Plaintiff") brought this action seeking judicial review of the denial of his claim for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income. This matter is before me now on Mr. Tom's "Motion to Reverse and Remand for a Rehearing." Docket no. 16. Because the Commissioner's decision at step five is supported by substantial evidence, I recommend that the motion be denied.

Standard of Review

        In reviewing the agency's decision, I must "'determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quoting Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotations omitted). "[A] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Id. (internal quotation omitted). I must meticulously examine the record to determine whether substantial

evidence supports the Administrative Law Judge's ("ALJ") decision.  Id.  In conducting such an examination, I must take into account anything in the record that "fairly detracts" from the evidence supporting the ALJ's decision.  Id.  Moreover, "[t]he agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal."  Id.

The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. § 423 (d)(1)(A)).  The Social Security Administration employs a "five-step sequential evaluation process to determine disability."  Barnhart v. Thomas, 540 U.S. 20, 24 (2003).  At step one of the process, the claimant must show that he is not working at a substantial gainful activity.  See 20 C.F.R. §§ 404.1520(b) and 416.920(b).  At step two, the claimant must show that he has an impairment, or combination of impairments, that are severe enough to significantly limit his ability to do basic work activities.  See 20 C.F.R. §§ 404.1520(c) and 416.920(c).  At step three, it is the claimant's burden to show that the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.  If the claimant's impairment or combination of impairments meets or medically equals the criteria of a listing and meets the duration requirement, the claimant is disabled.  If it does not, the analysis proceeds to the next step.  At step four, the ALJ must determine the claimant's residual functional capacity ("RFC") and consider, in light of this RFC, whether the claimant retains the ability to perform past relevant work.  See 20 C.F.R. §§ 404.1520(e) and 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis

despite limitations from his impairments.  See id.; 20 C.F.R. § 404.1545.

The claimant bears the burden of proof throughout the first four steps of the sequential evaluation process.  At step five, however, the "burden shifts to the Secretary to show that the claimant retains the RFC to do other work that exists in the national economy."  Thompson, 987 F.2d at 1487.  "How the ALJ should proceed on step five to make the ultimate determination that the claimant is disabled or not depends on whether the claimant alleges an exertional impairment (strength-related), or non-exertional impairment (pain or mental problems), or both."  Id.

Background

On May 14, 2004, Plaintiff filed his application for Supplemental Security Income.  See Administrative Record ("AR") at 63-69.  On June 10, 2004, Mr. Tom filed his application for a period of disability and Disability Insurance Benefits.  Id. at 56-59.  In both applications, Mr. Tom alleged disability beginning May 30, 2003.  Id. at 56, 63.  The claims were denied initially on November 3, 2004, and upon reconsideration on May 16, 2005.  Id. at 37-39, 42-45.  After the adverse decisions by the Commissioner of Social Security, Plaintiff requested and was granted a hearing before an ALJ.  Id. at 31-33.  On March 27, 2007, Mr. Tom appeared, without an attorney, before ALJ John R. Morris.  Id. at 196-215.  At the hearing, the ALJ took testimony from Mr. Tom, who was 44 years old at the time, and Darlene Mike, his wife.  Id.  On June 26, 2007, the ALJ issued an unfavorable decision denying Mr. Tom's claim.  Id. at 17-23A.  The Appeals Council denied Mr. Tom's request for review, making the ALJ's June 26, 2007 decision the Commissioner's final decision.  Id. at 5-8.

In the Commissioner's final decision, the ALJ found at step one that Mr. Tom had engaged in substantial gainful activity since May 30, 2003, the alleged onset date.  Id. at 19.  Specifically, the ALJ found Plaintiff earned $7,647.00 in 2005, which was over the substantial

gainful activity ("SGA") limits, making Mr. Tom "capable of performing SGA work activity." Id.  Nevertheless, the ALJ continued using the sequential evaluation process in evaluating Plaintiff's claim.  The ALJ indicated at step two that Mr. Tom suffered from the following severe impairments: diabetes mellitus, hypertension, and back pain.  Id.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 19-20.  At step four, the ALJ determined "[a]fter careful consideration of the entire record" that Mr. Tom had the RFC to perform the full range of sedentary work activity on a sustained basis.  Id. at 20-23.  The ALJ found Plaintiff was able to lift twenty pounds occasionally and frequently, he had no problems with sitting, and that he testified that he did not need any assistive devices for walking despite blisters on the bottom of his feet.  Id. at 20.  Additionally, the ALJ noted that Mr. Tom had testified that he was able to walk a half-mile before he became tired.  Id.  The ALJ indicated that Plaintiff was unable to perform any of his past relevant work.  Id. at 23.  Therefore, the ALJ went on to conduct step five findings.  Id. at 23-23A.  At step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.  Id. at 23.  Ultimately, the ALJ found that based on an RFC for the full range of sedentary work, and considering plaintiff's age, education, and work experience, "a finding of 'not disabled' is directed by Medical-Vocational Rule 201.24."  Id. at 23A.

On February 13, 2008, Mr. Tom filed an appeal in this Court.  See docket no. 1.  In Plaintiff's Motion to Reverse and Remand for a Rehearing, he alleges the administrative decision contains multiple errors.  See docket no. 16.  Specifically, Mr. Tom argues that: (i) the ALJ failed to develop the record with respect to his alleged cognitive and mental functioning; (ii) the ALJ's RFC finding is not supported by substantial evidence and is contrary to law; and (iii)

the ALJ's credibility finding is conclusory and unsupported by substantial evidence.  Id. at 4-9.

Analysis

A.  Failure to Develop Record – Cognitive and Mental Functioning

Mr. Tom first argues the ALJ had a duty to develop an adequate record relevant to the issues raised, and notes the duty is especially strong given the fact that Plaintiff was unrepresented at the hearing.  Id. at 4.  Mr. Tom contends that when the medical evidence in the record is inconclusive, a consultative examination "is often required for proper resolution of the disability claim."  Id.   Plaintiff alleges there "was ample evidence before the ALJ and the Appeals Council to prompt a consultative psychological evaluation."  Id.  In support of the argument, Plaintiff contends he did not finish high school, was confused when filling out Social Security forms, and required the assistance of agency personnel.  Id.  Plaintiff notes that through counsel, he asked the Appeals Council to remand the case for Wide Range Achievement ("WRAT") and Wechsler Adult Intelligent Scale ("WAIS") testing, and claims the "ALJ's duty to develop the record required him to order a consultative examination."  Id. at 5.

Though the ALJ did not order a consultative examination in this case, he has broad latitude in deciding when to order one.  Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 778 (10th Cir. 1990).  The Tenth Circuit has stated:

> [T]he ALJ should order a consultative examination when evidence in the record establishes a 'reasonable probability' of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability.

Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006).  Only when there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is

inconclusive, is a consultative examination often required.  Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997).

  Here, Plaintiff did not allege in his application materials that he had a mental impairment.  AR at 63.  Despite his limited education, Plaintiff admitted on his Disability Report that he could speak, understand, read, and write English.  Id.  Mr. Tom responded "no" to a question inquiring whether he had problems with "depression, anxiety, panic attacks, anger, losing control of your anger, fear, memory, concentration, or confusion."  Id. at 87.  On his Function Report, Plaintiff did not indicate any difficulties with memory, completing tasks, concentration, understanding, or following instructions.  Id. at 112.  He did state that he finished what he started, and did okay with written instructions, but sometimes forgot spoken instructions.  Id.  At the hearing, Mr. Tom admitted that he had not required any mental health care.  Id. at 207.  Although Plaintiff reported to his treating physician in September 2004 that he had difficulty remembering things, the doctor did not diagnose Plaintiff with any mental impairment or recommend further testing.  Id. at 154.  In October 2004, Dr. Carlyle Schlabach, the consultative physician, stated Mr. Tom had "normal recent and remote memory" and did not diagnose a mental or cognitive impairment.  Id. at 138.  Accordingly, neither Plaintiff's complaints nor the medical evidence raised the possibility of a mental impairment as a disabling impairment in this case.

  The ALJ's "duty is one of inquiry and factual development."  Glass v. Shalala, 43 F.3d 1392, 1396 (10th Cir. 1994).  Here, the record was sufficiently developed to permit the ALJ to make an informed disability decision.  The evidence in the record does not establish a "reasonable probability" of the existence of a mental disability.  Because the record was properly developed and sufficient for the ALJ to evaluate Mr. Tom's alleged impairments and determine whether plaintiff was disabled, I find the ALJ's decision to not order a consultative

psychological examination does not warrant remand or reversal.  See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994).

B.  ALJ's RFC Determination

Mr. Tom next contends that he has diabetes mellitus, Type 2, "blisters, legions, and/or ulcers on the bottom of his feet," and back pain, in addition to being limited by fatigue and problems with memory and concentration.  AR at 6-7.  Given these conditions, Plaintiff asserts the ALJ's RFC finding that Mr. Tom could perform the full range of sedentary work is not supported by substantial evidence in the record.  Id. at 7.  According to Plaintiff, the ALJ erred because the existence of non-exertional impairments limited the ALJ's ability to apply the grids conclusively.  Id.  Plaintiff requests the case be remanded for a rehearing, with vocational testimony.  Id.

On October 23, 2006, Dr. Frederic Held, a treating physician, stated Plaintiff's impairments restricted him to lifting no more than twenty pounds.  AR at 183.  Dr. Schlabach, the consultative physician, concluded that Plaintiff could lift fifty pounds occasionally, lift twenty pounds frequently, stand and walk about six hours in an eight hour workday, and sit about six hours in an eight hour workday.  Id. at 139.  Dr. Schlabach further indicated that Mr. Tom may need to alternate standing and sitting, and explained that Plaintiff needed breaks from standing and walking of about five minutes every hour.  Id.  The doctor, however, found Plaintiff would require breaks from standing and walking, not from sitting.  Id.  Further, Plaintiff testified he could lift twenty pounds and had no problems sitting.  Id. at 206-207.

As such, a treating physician's opinion, a consultative physician's opinion, and Plaintiff's own testimony supports the ALJ's finding that Mr. Tom retained the RFC to perform the full range of sedentary work.  Dr. Schlabach's finding that Plaintiff would require five minutes

breaks per hour in standing and walking does not erode the sedentary occupation base because sedentary work primarily involves sitting.  See 20 C.F.R. §§ 404.1567(a) and 416.967(a).  Thus, I find the evidence supports the ALJ's RFC decision.

C.  ALJ's Credibility Finding

Finally, Plaintiff contends the ALJ's credibility findings with respect to Mr. Tom were conclusory.  Docket no. 16 at 7-9.  Mr. Tom refers to the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely credible . . . in light of discrepancies between the claimant's assertions and information contained in the documentary reports and the medical history."  Id. at 7-8 (citing AR at 22).  Mr. Tom cites to 20 C.F.R. § 404.1527(e) in arguing the ALJ should not have used the absence of a medical opinion of disability as a negative reference to Plaintiff's credibility.  Id. at 8-9.  Plaintiff argues that because the ALJ "failed to give an adequate reason for discounting Mr. Tom's credibility," the Court is "free to view the ALJ's conclusion with 'a skeptical eye.'"  Id. at 9 (quoting Talbot v. Heckler, 814 F.2d 1456, 1461 (10th Cir. 1987)).

The ALJ did not rely upon the absence of a medical opinion for his conclusion, but did rely on the fact that his treating physician's opinion permitted Plaintiff to perform at least sedentary work.  The ALJ's RFC finding adopted Mr. Tom's treating physician's opinion that he should not lift over twenty pounds.  See AR at 20, 183.  The ALJ noted Plaintiff's testimony at the hearing that he did suffer from pain, but that he was compliant with his medication, which controlled the pain.  Id. at 22.  Additionally, the ALJ considered Plaintiff's activities of daily living, including Mr. Tom's assertions that he performed light housework like sweeping and cleaning, he fed his horse, he cared for his children, he worked on his cars, he rode a motorcycle, and he fished.  Id. at 22, 83-84, 202, 208-209, and 212.  I find that based on a review of the

entire record, the ALJ properly concluded that Plaintiff's complaints of disabling impairments were not fully credible.

D.  Summary

I cannot conclude that the ALJ erred in determining Mr. Tom could perform a full range of sedentary work after recognizing that he did have severe impairments that resulted in various limitations.  The ALJ's handling of the case is supported by substantial evidence and the ALJ's decision comports with relevant legal standards.  Even if the ALJ did not discuss all the evidence to Plaintiff's satisfaction, he was not required to discuss every piece of evidence in the record, and his decision reflects consideration of both the objective and subjective evidence he relied upon and the probative evidence he rejected.  See Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).  Because the ALJ's determination is supported by more than a scintilla of evidence and was reached through applying proper legal standards, his findings are conclusive.  I am not permitted to reweigh the evidence or substitute my own judgment for the ALJ's.  See Glass, 43 F.3d at 1395; Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

                                    Conclusion

For the reasons set forth above, Mr. Tom's Motion to Reverse and Remand for a Rehearing (docket no. 16) is DENIED.  IT IS SO ORDERED.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE